**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROSE JEFFERSON, | ) | 3:24-CV-00771 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF EDUCATION OF THE CITY | ) | |
| OF NORWALK, | ) | April 21, 2026 |
| *Defendant*. | ) | |

<u>**SUPPLEMENTAL RULING ON DEFENDANT'S MOTION IN LIMINE**</u>

Sarala V. Nagala, United States District Judge.

Plaintiff Rose Jefferson, a Black female of Haitian descent, commenced this action against her employer, the Board of Education of the City of Norwalk (the "Board"), alleging that the Board discriminated against her based on her national origin and race when it declined to appoint her to the position of assistant principal at a public school. In her amended complaint, Plaintiff brought the following claims: (i) an unlawful discrimination claim (based on her national origin) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (ii) an unlawful discrimination claim (based on her national origin) in violation of the Connecticut Fair Employment Practices Act ("CFEPA"); and (iii) a hostile work environment claim (based on her race and color), in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Plaintiff sought injunctive and declaratory relief and compensatory damages. Plaintiff also sought front pay and back pay based on the income and benefits she allegedly lost, as well as any anticipated future loss of income and benefits, due to the Board's failure to promote her.

Defendant moved to preclude from trial any evidence relating to certain of Plaintiff's requested equitable relief—namely, front pay and back pay. ECF No. 50. Plaintiff opposed this motion. ECF No. 59. The parties disputed whether the issue of Plaintiff's damages for back pay

and front pay should be decided by the Court or by a jury, and what relevant evidence should be submitted. After the parties filed their respective briefs, the Court requested additional briefing on whether these issues should be submitted to the jury for an advisory opinion. ECF Nos. 63, 64, 66.

During the pretrial conference, the Court issued a ruling from the bench, granting Defendant's motion in its entirety and finding that any evidence pertaining to front pay and back pay should not be presented to the jury. That order was subsequently memorialized on the docket. *See* Order, ECF No. 76. The Court hereby supplements its order to more fully explain its analysis.

During the trial, Plaintiff withdrew her hostile work environment claim. ECF No. 88. On March 26, 2026, the jury found for Defendant on Plaintiff's remaining Title VII and CFEPA claims, *see* Jury Verdict, ECF No. 93, and a judgment was entered in favor of Defendant, ECF No. 98.[1]

## I. FACTUAL BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this case and addresses only those issues as necessary to decide Defendant's motion.

## II. LEGAL STANDARD

"The purpose of a motion in limine is to 'aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Byrne v. Yale Univ., Inc.*, No. 3:17-CV-1104 (VLB), 2020 WL 5258998, at \*2 (D. Conn. Sept. 3, 2020) (quoting *Palmieiri v. Defaria*, 88 F.3d 136, 141 (2d. Cir. 1996)). Generally, evidence should be excluded on a motion

---

[1] The Court recognizes that, in light of the jury verdict in favor of Defendant on Plaintiff's discrimination claims, the question of whether the Court or the jury should have been tasked with deciding whether Plaintiff was entitled to back pay or front pay is somewhat academic. But given that the Court precluded Plaintiff from presenting evidence of back pay to the jury, the Court believes it is important to memorialize the reasons for its ruling.

*in limine* only when it is "clearly inadmissible on all potential grounds." *Byrne*, 2020 WL 5258998 at *2 (citing *Levinson v. Westport Nat'l Bank,* No. 3:09-CV-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013)).

## III.    DISCUSSION

The Court first addresses whether back pay and front pay are available to Plaintiff based on the claims asserted in her amended complaint, and whether the determination of such remedies lies within the purview of the Court or the jury.  It concludes that while Title VII and the CFEPA afford litigants a right to certain equitable remedies, such as back pay and front pay, Plaintiff was not entitled to a jury determination on these issues.  The Court also concludes that an award of back pay and front pay would have been inappropriate for Plaintiff's hostile work environment claim, as she did not allege that she was actually or constructively discharged.  Finally, the Court concludes that it was not necessary to empanel an advisory jury on these issues.

A.   Back Pay and Front Pay as Equitable Remedies

"The remedial provisions of Title VII authorize front and back pay." *Noel v. N.Y. State Off. of Mental Health Central N.Y. Psychiatric Ctr.*, 697 F.3d 209, 213 (2d Cir. 2012) (citing 42 U.S.C. § 2000e-5(g)(1)).  Back pay is "an amount equal to the wages the employee would have earned from the date of discharge to the date of reinstatement, along with lost fringe benefits such as vacation pay and pension benefits." *Id.*  (emphasis omitted) (quoting *United States v. Burke*, 504 U.S. 229, 239 (1992)).  Front pay is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Id.* (quoting *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001)).

With respect to claims brought under Title VII, the Second Circuit has established that "[b]ecause a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not *entitled* to a jury determination on the question." *Broadnax v. City*

*of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (emphasis in original) (citing *Robinson v. Metro-North Commuter, R.R.*, 267 F.3d 147, 157 (2d. Cir. 2001) ("Because front pay and back pay have historically been recognized as equitable relief under Title VII, neither party was entitled to a jury trial."), *abrogation on other grounds recognized by Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 138 (2d Cir. 2015)).

Rather, it is typically the Court that decides whether an award of back pay and/or front pay is appropriate, in an exercise of its equitable jurisdiction. *See Broadnax*, 415 F.3d at 271. Notwithstanding this general rule, the Second Circuit has recognized one circumstance where the issue of front pay or back pay may be submitted to a jury. Specifically, "when a party demands jury consideration of lost wages under Title VII and the party's opponent fails to object, Rule 39(c) [of the Federal Rules of Civil Procedure] permits the district court to submit the lost wages issue to the jury for a non-advisory jury determination." *Id.* at 272. Here, because Defendant objected to the jury's consideration of the issues of back pay and front pay through its motion *in limine*, this exception does not apply. Rather, the general rule under Title VII that these remedies are equitable remedies for the Court to decide applies here.

Whether the CFEPA provides for a jury determination of back pay and front pay is a more complicated question, as courts have issued conflicting rulings. The remedy provision of the CFEPA provides in relevant part: "The court may grant a complainant in an action brought in accordance with section 46a-100 such legal and equitable relief which it deems appropriate including, but not limited to, temporary or permanent injunctive relief, punitive damages, attorney's fees and court costs." Conn. Gen. Stat. § 46a-104. In the Court's review, the Connecticut Supreme Court has not addressed whether this provision allows for a jury determination of remedies such as back pay and front pay, and the Connecticut Appellate Court

4

explicitly left open this question in *Jackson v. Water Pollution Control Auth. of City of Bridgeport*, 278 Conn. 692, 710 (2006).

At least one Connecticut Superior Court has held that "[f]ront pay and back pay are damages, not equitable relief," that can be calculated by "simple arithmetic." *Cohen v. Univ. of Hartford*, No. HHD-X03-CV-126032265-S, 2017 WL 2452956, at *1 (Conn. Super. Ct. May 9, 2017). Although the court in *Cohen* acknowledged that some federal courts have treated back pay as an equitable remedy, it deemed those cases unpersuasive in the absence of controlling *state* authority. *Id.* The court thus permitted the jury to decide whether front pay and back pay should be awarded for the plaintiff's CFEPA claim. *Id.* at *2.

Federal courts in Connecticut, however, have come to the opposite conclusion. In *Vale v. City of New Haven*, No. 3:11-CV-632 (JAM), 2017 U.S. Dist. LEXIS 54818, at *2–3 (D. Conn. Apr. 11, 2017), the court determined that back pay under the CFEPA is an equitable remedy to be decided by the court. The court explained that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Vale*, 2017 U.S. Dist. LEXIS 54818 at *2 (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963) (*per curiam*)). Although the plaintiff's underlying employment discrimination claim was asserted under state law, the *Vale* court reasoned that "the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Id.* at *3 (quoting *Simler*, 372 U.S. at 223). "[B]ecause as a matter of federal law there is no right to a jury determination of equitable remedies," the court held that back pay was an equitable issue to be decided by the court even with respect to a state law claim under the CFEPA and excluded such evidence. *Id.*

5

In practice, other courts in this district have followed a similar approach to *Vale*, treating back pay under the CFEPA as an equitable remedy to be resolved by the court. *See, e.g., Byrne*, 2020 WL 5258998, at *11 (reserving issues of back pay for the court where both parties agreed that back pay is an equitable remedy under both Title VII and CFEPA); *Vera v. Alstom Power, Inc.*, 189 F. Supp. 3d 360, 384–87 (D. Conn. 2016) (awarding back pay as equitable relief, where plaintiff prevailed on her Title VII and CFEPA retaliation claims).[2] The Court finds this authority persuasive.

The greater weight of authority supports the conclusion that Plaintiff does not have a right to a jury determination of equitable remedies, such as back pay and front pay, under the CFEPA. In particular, the Court finds Judge Meyer's analysis in *Vale* persuasive. And, to the extent an interpretation of state law is necessary, the CFEPA's language itself suggests that the remedy is for the Court to decide. Conn. Gen. Stat. § 46a-104 ("*The court* may grant a complainant in an action brought in accordance with section 46a-100 such legal and equitable relief which it deems appropriate . . .") (emphasis added). Thus, the Court concludes that front pay and back pay are equitable remedies under the CFEPA.

Finally, with respect to Plaintiff's hostile work environment claim, had this claim not been withdrawn at trial, an award of lost wages would not have been available, as Plaintiff did not allege that she was actually or constructively discharged. *See Dymskaya v. Orem's Diner of Wilton, Inc.*, No. 3:12-CV-00388 JAM, 2015 WL 1038394, at *9–10 (D. Conn. Mar. 10, 2015) (declining to

---

[2] It appears that the court in *Vera* awarded the plaintiff back pay under both Title VII and the CFEPA. The Court analyzed back pay under Title VII's framework, with some references to the CFEPA. *See Vera*, 189 F. Supp. 3d at 387. Additionally, the jury's verdict form found for the plaintiff as to both counts three and four of the amended complaint, which alleged retaliation in violation of Title VII and the CFEPA, respectively, and the court's judgment awarded the plaintiff back pay as to both of those counts. *See Vera*, D. Conn. Case No. 3:12-CV-382 (VAB), Verdict Form, ECF No. 127; J., ECF No. 179.

6

award back pay for hostile work environment claim where plaintiff had not alleged that she was constructively discharged and collecting cases).

B.  Advisory Opinion

Having determined that front pay and back pay are available equitable remedies under Title VII and the CFEPA, the Court found, in its discretion, that it was not necessary to empanel an advisory jury on these issues under either statute.

Courts allow advisory opinions in two circumstances:  (i) to promote judicial economy, "if at least one of the claims to be tried has facts in common with another claim that will be tried to a jury as a matter of right"; and (ii) where special factors suggest that a jury composed of members of the community could provide helpful guidance.  *See In re Currency Conversion Fee Antitrust Litig.*, No. 04-CV-5723, 2012 WL 4361443, at *1–2 (S.D.N.Y. Sept. 11, 2012).  None of these circumstances are present here.

First, an advisory opinion would not have promoted judicial economy.  Although Plaintiff's Title VII and CFEPA claims were both premised on Defendant's refusal to promote her to the position of assistant principal allegedly based on her national origin—and there may have been common issues presented at trial for these two claims—there is no right to have the questions of back pay or front pay decided by a jury under either statute, as set forth above.  And since back pay was not permissible as to Plaintiff's hostile work environment claim, any evidence related to back pay would have been irrelevant as to that claim.

Moreover, there are no special factors present in this case that indicate that a jury composed of members of the community would have provided helpful guidance regarding these matters.  The issues of front pay and back pay, if any, would have largely been a simple mathematical calculation based on wages Plaintiff was allegedly owed.  A consideration of the relevant timeframe(s) and applicable salary and benefits is all that would have been needed to make such a calculation.

Thus, evidence related to back pay and front pay was not admitted at trial, and the Court did not allow a jury advisory opinion on this issue. Defendant's motion *in limine* was therefore GRANTED.

## IV.   CONCLUSION

For the reasons set forth in its bench ruling and this supplemental ruling, Defendant's motion *in limine*, ECF No. 50, is GRANTED in its entirety.

**SO ORDERED** at Hartford, Connecticut, this 21st day of April, 2026.

       */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE